**IN THE COUNTY COURT OF THE 17th JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

Case No. COCE-20-027683

ABDEL ZAHRIYEH,

    Plaintiff,

v.

FH CANN & ASSOCIATES INC.,

    Defendant.

_____/

**UNOPPOSED MOTION TO AMEND AND TRANSFER**

Plaintiff Abdel Zahriyeh ("Plaintiff") files this Motion to Amend and Transfer and states:

1. On February 12, 2021, Plaintiff sued Defendant FH Cann & Associates Inc ("Defendant") for violating the Florida Consumer Collection Practices Act ("FCCPA") and Fair Debt Collection Practices Act ("FDCPA").

2. Subsequent to the commencement of the above-captioned action, Plaintiff learned of additional claims against Defendant arising under the FDCPA. These claims arise from Defendant's communication and/or transmission of Plaintiff's personal information to third-party, whereby said claims are set forth in further detail in the attached First Amended Complaint (Exhibit "A").

3. Further, in light of the newly learned claims had by Plaintiff, Plaintiff has recalculated the amount of actual damages reasonable believed to have been sustained by Plaintiff as a result of Defendant's alleged violations of the FDCPA and FCCPA, whereby said newly calculated damages exceed $8,000, by are otherwise less than $15,000.

4. Additionally, subsequent to the commencement of the above-captioned action, Plaintiff learned that one of the original claims levied against Defendant, *namely*, that Defendant

PAGE | **1** of **2**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

did not possess a valid Consumer Collection Agency license, is *moot* and/or otherwise not actionable, as Defendant has produced to Plaintiff a copy of a valid Consumer Collection Agency license.

WHEREFORE, Plaintiff requests leave to file amended pleadings, *a proposed copy of which are attached hereto,* to seek additional claims and actual damages in an amount above-and-beyond what Plaintiff currently seeks in the operative pleadings *and*, in light of the damages now sought by Plaintiff, transfer Plaintiff's case from Small Claims to County Court.

Dated: May 17, 2021

Respectfully Submitted,

/s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136
Fax:       855-529-9540

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 17, 2021, the foregoing was electronically filed with the Clerk of the Court using the Florida e-Filing portial, which will send a notice of electronic filing to all counsel of record.

/s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377

# EXHIBIT "A"
TO THE MOTION TO AMEND AND TRANSFER

# IN THE COUNTY COURT OF THE 17th JUDICIAL CIRCUIT
# IN AND FOR BROWARD COUNTY, FLORIDA

### Case No. COCE-21-007635

ABDEL ZAHRIYEH,

    **Plaintiff,**

v.

FH CANN & ASSOCIATES INC,

    **Defendant.**

_____/

**JURY TRIAL DEMANDED**

**INJUNCTIVE RELIEF SOUGHT**

## FIRST AMENDED COMPLAINT

Plaintiff Abdel Zahriyeh ("Plaintiff") sues Defendant FH Cann & Associates, Inc. ("Defendant") for violations the Florida Consumer Collection Practices Act ("FCCPA") and the Fair Debt Collection Practices Act ("FDCPA")

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff and Defendant (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

2. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Broward County, Florida.

3. The amount in controversy is greater than $8,000, but does not exceed $15,000, exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

4. Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Broward County Florida.

## PARTIES

5. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

6. Defendant is a Massachusetts limited liability company, with its principal place of business located in North Andover, Massachusetts.

## DEMAND FOR JURY TRIAL

7. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

8. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

9. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the original creditor of the Consumer Debt and Plaintiff involving the provision of unsecured funds to Plaintiff for the furtherance of Plaintiff's academic endeavors (the "Subject Service").

10. The Subject Service was primarily for personal, family, or household purposes.

11. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

12. Defendant is a business entity engaged in the business of collecting consumer debts.

13. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

PAGE | **2** of **8**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

15. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

16. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

17. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

18. Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

19. On a date better known by Defendant, Defendant transmitted Plaintiff's personal information to a third-party (the "Third-Party").

20. The personal information Defendant transmitted to the Third-Party included, but was not limited to: [1] Plaintiff's name; [2] Plaintiff's address; [3] the existence of the Consumer Debt; [4] the amount of the consumer debt; [5] the creditor of the Consumer Debt; [6] that Plaintiff was the alleged debtor of the Consumer Debt; [7] information regarding the Subject Service; and [8] that Plaintiff did not pay the Consumer Debt and/or defaulted on the Consumer Debt (collectively, the "Transmitted Information").

21. The Third-Party, of whom Defendant transmitted Plaintiff's personal information to, complied Plaintiff's personal information and prepared a letter that was to be sent to Plaintiff in an attempt to collect the Consumer Debt.

22. The Transmitted Information affected Plaintiff's reputation. For example, the transmission of such information affected Plaintiff's reputation regarding the repayment of debts, Plaintiff's reputation of truthfulness, Plaintiff's reputation of solvency, and Plaintiff's reputation regarding trustworthiness.

23. Defendant's transmission of Plaintiff's personal information to the Third-Party was a communication in connection with the collect of the Consumer Debt.

24.     In addition to transmitting Plaintiff's personal information to the Third-Party, Defendant also transmitted Plaintiff's personal information to *other* third-party entities in connection with the collection of the Consumer Debt. Defendant transmitted such information to these *other* third-party entities by, *including but not limited to*: **[1]** utilizing "skip trace" services; **[2]** utilizing bankruptcy, SCRA, probate, and other "scrubbing" services; and **[3]** utilizing independent third-party contractors to attempt to collect the Consumer debt from Plaintiff.

25.     On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Plaintiff, of which was internally dated January 25, 2021, (the "Collection Letter") in an attempt to collect the Consumer Debt.

26.     Attached as Exhibit "A" is a copy of Collection Letter.

27.     "NELLIE MAE TRST" is not the "original creditor" of the Consumer Debt.

28.     The Collection Letter falsely identifies "NELLIE MAE TRST" as the "original creditor" of the Consumer Debt.

29.     Defendant's transmission of Plaintiff's personal information to the Third-Party is an explicit violation of § 1692c(b) of the FDCPA. *See* Hunstein v. Preferred Collection & Mgmt. Servs., No. 19-14434, 2021 U.S. App. LEXIS 11648 (11th Cir. Apr. 21, 2021) (a complete copy of the Hunstein opinion is attached as Exhibit "B").

30.     The Collection Letter contains bar codes and Quick Response ("QR") codes, of which are located on the lower-left portion of the Collection Letter, that are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Collection Letter.

31.     For Defendant-DC to maintain a *valid* consumer collection agency license with the Florida Department of State (*so to otherwise lawfully collect, or attempt to collect, consumer debts*

PAGE | **4** of **8**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

*from Florida consumers*) Defendant-DC knew it was required to tailor its (Defendant-DC's) debt collector methods to be in compliance with both the FDCPA and FCCPA.

32. Defendant knew that the Transmitted Information constituted an unlawful transmission of Plaintiff's personal information in violation of § 1692c(b) of the FDCPA.

33. The Third-Party did not have any legitimate need for the Transmitted Information, as the Transmitted Information constituted an unlawful transmission of Plaintiff's personal information in violation of § 1692c(b) of the FDCPA.

## COUNT 1
## VIOLATION OF 15 U.S.C. § 1692c(b)

34. Plaintiff incorporates by reference paragraphs 1-33 of this Amended Complaint.

35. Pursuant to § 1692c(b) of the FDCPA, "*a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.*" 15 U.S.C. 1692c(b) (emphasis added).

36. As set forth above, Defendant's transmission of Plaintiff's personal information to the Third-Party violates § 1692c(b) of the FDCPA. *See* Hunstein, No. 19-14434, 2021 U.S. App. LEXIS 11648 ("[w]e hold (1) that a violation of § 1692c(b) gives rise to a concrete injury in fact under Article III and (2) that the debt collector's transmittal of the consumer's personal information to its dunning vendor constituted a communication 'in connection with the collection of any debt' within the meaning of § 1692c(b).") Accordingly, Defendant violated § 1692c(b) of the FDCPA when it transmitted Plaintiff's personal information to the Third-Party.

37. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

   (a)   Statutory and actual damages as provided by 15 U.S.C. § 1692k;

(b)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

(c)     Any other relief that this Court deems appropriate under the circumstances.

## COUNT 2
### VIOLATION OF 15 U.S.C. § 1692g(a)(2)

38. Plaintiff incorporates by reference paragraphs 1-33 of this Amended Complaint.

39. Section 1692g(a)(2) of the FDCPA requires that Defendant identify the name of the original creditor within the Collection Letter, as the Collection Letter represents Defendant's initial communication with Plaintiff in connection with the collection of the Consumer Debt. Here, Defendant identifies a trust (*i.e.*, the "NELLIE MAE TRST") – something that is legal entity – as the original creditor of the Consumer Debt. *See* Collection Letter at 2. Thus, as stated above, not only does the Collection Letter *fail* to identify the original creditor of the Consumer Debt, but the Collection Letter fails to even identify a legal entity *capable* of being creditor, as a trust is not capable of being a creditor.

40. Defendant violated § 1692g(a)(2) of the FDCPA by failing to send Plaintiff a written notice that, in light of the least sophisticated consumer standard, sufficiently advises of name of the creditor to whom the Consumer Debt is owed, in that, the Collection Letter fails to identify the true creditor of the Consumer Debt. *See* Pardo v. Allied Interstate, L.L.C., 2015 WL 5607646 (S.D. Ind. Sept. 21, 2015) (where collection letter's body referred to "Resurgent Capital Services LP" as Allied Interstate's "Client," and offered no explanation of the relationship between LVNV and Resurgent Capital or why/how Resurgent Capital was involved with debt, consumer stated valid §1692g(a)(2) claim); Shoup v. McCurdy & Candler, L.L.C., 465 Fed. Appx. 882, 883–84 (11th Cir. 2012) (listing MERS as the creditor violated FDCPA); Amina v. WMC Mortgage Corp., 2011 WL 1869835 (D. Haw. May 16, 2011) (genuine issue of material fact as to whether

PAGE | **6** of **8**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

collector properly identified current creditor, especially given multiple entities that use name "Chase"); Eun Joo Lee v. Forster & Garbus LLP, 926 F. Supp. 2d 482, 487 (E.D.N.Y. 2013) (finding that the plaintiff had stated a plausible claim for the violation of Section 1692g(a)(2) because although the letter mentioned NCOP twice, it did "not clearly and effectively convey its role in connection with the debt."); Janetos v. Fulton Friedman & Gullace, LLP, 825 F.3d 317, 321 (7th Cir. 2016) (the Seventh Circuit found that the defendant's letter had failed to comply with the plain language of Section 1692g(a)(2) because "[n]owhere did the letter [s] say that Asset Acceptance currently owned the debts in question.").

41.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

    (a)     Statutory and actual damages as provided by 15 U.S.C. § 1692k;

    (b)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    (c)     Any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## VIOLATION OF FLA. STAT. § 559.72(5)

42.     Plaintiff incorporates by reference paragraphs 1-33 of this Amended Complaint.

43.     Pursuant to § 559.72(5) of the FCCPA, in collecting consumer debts, no person shall: "*[d]isclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.*" Fla Stat. § 559.72(5) (emphasis added).

44.     As set forth above, Defendant unlawfully transmitted Plaintiff's personal information, by and through the Transmitted Information, to the Third-Party, whereby said

transmitted information affective Plaintiff's reputation because the Third-Party did not have any *legitimate* need for unlawfully transmitted personal information of Plaintiff.

45. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

    (a)    Statutory and actual damages pursuant to Fla. Stat. §559.77(2);

    (b)    An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

    (c)    Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

    (d)    Any other relief that this Court deems appropriate under the circumstances.

DATED: May 17, 2021

Respectfully Submitted,

/s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136
Fax:   855-529-9540

PAGE | **8** of **8**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com



# EXHIBIT "A"
TO THE FIRST AMENDED COMPLAINT

# F.H. Cann & Associates, Inc.

1600 Osgood St. Suite 20-2/120 • North Andover, MA 01845
Telephone (877) 750-9802

Office Hours:
Mon - Thurs 8 A.M. - 8 P.M.
Fri 8 A.M. - 5 P.M.

January 25, 2021

ABDEL-HAMEE ZAHRIYEH
5727 SW 117th Ave
Fort Lauderdale FL 33330-4164

Student loan account held by: Ascendium Education Services
Total Due*: $3,917.08

*Balance as of today's date, may increase due to further accrual of interest and/or collection fees.

*See Page 2 for Account Details*

Dear ABDEL-HAMEE ZAHRIYEH,

The above captioned account has been placed with our office for collection. The balance due above is owed to Ascendium and continues to accrue interest daily. This balance is effective as of today, January 25, 2021, and may not be an accurate pay-off figure; this balance may increase due to the accrual of interest, late charges and other charges as may be applied by our client as per the terms and conditions of your contract.

Unless you notify this office within 30 days of receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days of receiving this notice that you dispute the validity of the debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. If you request of this office in writing within 30 days after receipt of this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

Please contact our office at the address or telephone number above to resolve this matter.

Sincerely,
Michael Kaufman
Senior Collection Manager

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

---

Make your check or money order payable to F.H. Cann & Associates, Inc.
and send to the address below using the enclosed envelope

**DO NOT SEND CHECKS OR CORRESPONDENCE TO:** Linden MI 48451-0505

*** Please detach the lower portion and return with your payment ***

Y26BC25B11

PO Box 505
Linden MI 48451-0505
ADDRESS SERVICE REQUESTED

IF YOU WISH TO PAY BY CREDIT CARD, CIRCLE ONE AND FILL IN THE INFORMATION BELOW.

MasterCard    VISA    American Express

| CARD NUMBER | | EXP. DATE |
| CARD HOLDER NAME | | CVV |
| SIGNATURE | | AMOUNT PAID |

January 25, 2021

Creditor: Ascendium
FHC Reference #: 614134
Balance Due: $3,917.08

0008120024017132377233330416427—Y26BC25B11 963

ABDEL-HAMEE ZAHRIYEH
5727 SW 117th Ave
Fort Lauderdale FL 33330-4164



F.H. Cann & Associates, Inc.
1600 Osgood St. Suite 20-2\120
North Andover MA 01845

## Account Detail

| FHC# | Original Creditor | Principal | Interest | Costs | Total Balance |
|---|---|---|---|---|---|
| 614134 | NELLIE MAE TRST | 2425.78 | 1067.03 | 424.27 | 3917.08 |